TAM Medical Supply Corp., as Assignee of Reyes, Salamon 1, Appellant,
against
MVAIC, Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Marshall & Marshall, PLLC (Jeffrey Kadushin of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered November 22, 2016. The judgment, entered pursuant to a decision of the same court dated June 12, 2016, after a nonjury trial, dismissed the complaint.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated June 12, 2016 is deemed a premature notice of appeal from the judgment entered November 22, 2016 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, the sole issue for trial (see CPLR 3212 [g]) was whether the verification requested by defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) had been provided. The only witness at trial was an employee of MVAIC, who testified that MVAIC had not received the requested verification. The Civil Court found the testimony to be credible and entered judgment dismissing the complaint.
Plaintiff's sole argument on appeal is that the testimony by MVAIC's witness as to whether MVAIC received the requested verification was hearsay because the witness began working for MVAIC more than one year after the accident. Assuming that plaintiff preserved this issue for appellate review, we find that the testimony was sufficient to establish that the verification which MVAIC had requested had not been received by MVAIC.
The witness testified that MVAIC's practices and procedures included the maintaining of a manual which set forth, among other things, MVAIC's practices and procedures regarding the receipt of mail, as well as enumerating when, and how, MVAIC's practices and procedures were [*2]changed and stating the period of time during which each set of practices and procedures were in effect. The witness further testified that, as part of his training, he relied upon MVAIC's manual and that the practices and procedures utilized by MVAIC when his employment began were identical to the practices and procedures in effect when the accident occurred and that they did not change prior to the start of his employment. Furthermore, in accordance with MVAIC's practices and procedures, he searched MVAIC's records and the requested verification had not been received by MVAIC. In light of the foregoing, the judgment is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 12, 2019